IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0655-WS-N |
| | ) |
| JAMES M. CRUMB, M.D., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

  This matter comes before the Court on the Motion to Dismiss (doc. 25) filed by defendants James Crumb, M.D., and Mobility Metabolism & Wellness PC; and on the Motion to Dismiss (doc. 27) filed by defendant Coastal Neurological Institute, P.C.  Both Motions challenge the sufficiency of the Government's 63-page, 293-paragraph Complaint (doc. 1), via a variety of arguments, including principally that the Complaint lacks the particularity required under Rule 9(b), Fed.R.Civ.P., and is an impermissible shotgun pleading.  The Court entered and amended a briefing schedule for the Motions to Dismiss, pursuant to which the Government's responses are presently due on or before May 27, 2016, with movants' replies to be filed on or before June 13, 2016.  (Docs. 29, 33.)

  On May 17, 2016, the Government filed a 69-page, 307-paragraph Amended Complaint (doc. 34) as a matter of course pursuant to Rule 15(a)(1), Fed.R.Civ.P.  The Amended Complaint appears to make substantial additions and modifications to the Government's pleading; moreover, preliminary review of the document suggests that at least some of the edits were made to rebut directly the sufficiency objections interposed by defendants' Motions to Dismiss.

  The Government's amendment of the Complaint necessarily alters the status quo with respect to the pending Motions to Dismiss, as to which briefing is in midstream.  Fundamentally, those Rule 12(b) Motions relate to a now-superseded iteration of the complaint.  In light of this development, it is unclear whether defendants wish to continue to assert all of their previously stated grounds for dismissal vis a vis the new Amended Complaint, whether they wish to revise

or supplement those arguments, whether they wish to abandon some or all of those arguments, and the like.  At best, it would be both unwieldy and inefficient for this Court to endeavor to synchronize partially briefed Rule 12(b) motions with a voluminous complaint that may have changed in material respects during the course of that briefing.  Without hearing anew from the parties, the undersigned would be unable to discern with clarity which contentions the movants might still wish to advance, how the arguments for or against dismissal might have been modified by virtue of the intervening filing of the Amended Complaint, or what new contentions the parties might wish to raise in relation to the Amended Complaint.

Based on the foregoing considerations (and without expressing any opinion as to the merits of the Motions to Dismiss or the continued viability of the grounds for relief asserted therein in the aftermath of the Amended Complaint), the only sensible, efficient course of action is to start over from the beginning.  Accordingly, the Court deems the pending Motions to Dismiss (docs. 25 & 27) **moot** because they relate to a superseded pleading that is now devoid of any legal force or effect.  Defendants must file their answers or Rule 12(b) motions in response to the Amended Complaint on or before **June 6, 2016**.  Should these defendants renew their Motions to Dismiss, they should reproduce in full any arguments they wish to carry over from their prior Rule 12(b) Motions.  In this manner, briefing on any renewed Motions to Dismiss will be self-contained, without obliging the Court or opposing counsel to refer back to previous briefs relating to the now-moot original Motions to Dismiss.  Finally, all parties are reminded of the admonition / encouragement in the Order (doc. 29) entered on April 27, 2016, that they work proactively to minimize redundancy in their filings whenever possible.  Defendants' counsel are expected to coordinate their efforts to the extent reasonably practicable to cut down on the quantum of repetition, and to incorporate by reference passages from co-defendants' filings as appropriate.  Likewise, the Government should frame any briefs it files in response to multiple Motions to Dismiss in a manner that keeps duplication to a minimum.

DONE and ORDERED this 18th day of May, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE